TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00428-CV






Charlie Ray Taylor, Appellant


v.


State of Texas; Governor Rick Perry; Susan Combs, Comptroller of Public Accounts;

and Senator Rodney Ellis, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. D-1-GN-07-001046, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 Charlie Ray Taylor appeals a take-nothing summary judgment granted on his
claims of wrongful imprisonment and civil rights violations. He contends that the trial court failed
to provide a court reporter. He complains that he has never had a probable cause finding, an arrest
warrant, a reading of Miranda rights, a complete jury, a proper prosecutor, or a properly assessed
sentence in the Walker County felony conviction that has resulted in his imprisonment for life. 
Appellees sought summary judgment contending that Taylor's complaints failed as a matter of law. 
The trial court granted the motion. We affirm.

 Taylor complains on appeal that he was deprived of a court reporter's record from
the hearing on his motion for summary judgment. The clerk's record does not reveal that Taylor
requested at the trial court level that a reporter be present. This error is not properly preserved
for appellate review. See Tex. R. App. P. 33.1. More important, reporters are neither necessary
nor appropriate at summary-judgment hearings because no testimony is received. Schneider Nat'l
Carriers, Inc. v. Bates, 147 S.W.3d 264, 291 n.141 (Tex. 2004); see also Tex. R. Civ. P. 166a(c);
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 677 (Tex. 1979). Taylor has not demonstrated
error in the absence of a reporter's record in this case.

 Taylor contends that the trial court erred by granting summary judgment on his claim
for compensation for wrongful imprisonment. See Tex. Civ. Prac. & Rem. Code Ann. § 103.003
(West Supp. 2009). Appellees sought summary judgment contending that Taylor failed to allege the
facts required to qualify for relief under this statute. A person is entitled to compensation under that
statute only if the person either has received a full pardon on the basis of innocence for the crime
for which the person was sentenced or has been granted relief on the basis of actual innocence of
the crime for which the person was sentenced. Id. Taylor does not allege that he meets either
condition. To the contrary, he states that he is in prison. The trial court did not err by granting
summary judgment on this claim.

 Taylor complains that many aspects of the conduct of his case leading to the
conviction for which he is imprisoned violated the constitution and statutes. He states that he
has raised these issues on appeal and by petition for writ of habeas corpus. Appellees sought
summary judgment on the basis that Taylor failed to allege or offer evidence that these appellees
were responsible for the alleged denials of rights. The record contains no indication that Taylor
amended his allegations or filed any evidence supporting his claims. Because Taylor failed to file
any evidence supporting his claims, the trial court did not err by granting summary judgment. See
Tex. R. Civ. P. 166a(i); Hamilton v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008); King Ranch, Inc. v.
Chapman, 118 S.W.3d 742, 751 (Tex. 2003).

 Affirmed.



 

 G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed: December 2, 2009